BARTH, Appellant, vs. MILWAUKEE AUTOMOBILE INSURANCE COMPANY LIMITED, MUTUAL, Respondent.

*November 11—December 7, 1954.*

336

For the appellant the case was submitted on the brief of *Arnold C. Otto* of Milwaukee.

For the respondent there was a brief and oral argument by *D. J. Regan* of Milwaukee.

GEHL, J.   The facts as we have stated them are practically without dispute.  The only conflict in the testimony is in that which refers to plaintiff's position in or outside the crosswalk when she was struck.  Under the rule that we must view the evidence in a light most favorable to her, we must assume that she was within the limits of the crosswalk.  That fact is immaterial, however, if she has failed to establish that Nutt was guilty of causal negligence.

The question in this case is whether the operation of pushing the Weller car was so completed before the accident as to leave with each of the parties, Weller and Nutt, his individual and independent duty to drive carefully.  *Krueger v. Shufeldt,* 253 Wis. 192, 33 N. W. (2d) 227.  Weller could not be found after the accident and, therefore, was not available to testify.  There is, therefore, no testimony to indicate whether his car proceeded forward under its own power or was driven forward by momentum after it was given the single push by Nutt's car.  The undisputed fact is that Weller proceeded forward a distance of approximately 60 feet to the northwest corner of the intersection and then turned west independently of and without any contact with the Nutt car.  It does not appear that after Nutt pushed the Weller car he exercised or could have exercised any control over the movement of the Weller car.  The injuries sustained by the plaintiff were not in any sense established as the result of the shove which Nutt gave the Weller car.

An action for damages on the ground of negligence depends on failure of duty of the defendant—failure to exercise ordinary care.  There is no evidence in this case to establish any such fault on the part of Nutt.

*By the Court.*—Judgment affirmed.