[No. 35240.   Department Two.   April 21, 1960.]

CLYDE COMBES, *Appellant,* v. ARTHUR BLAINE SNOW, *a Minor, by his Guardian ad Litem Walter R. Snow, Respondent.*[1]

[1]Reported in 351 P. (2d) 419.

*Lycette, Diamond & Sylvester* and *Meade Emory,* for appellant.

*Ferguson & Burdell* and *Edward Hilpert, Jr.,* for respondent.

ROSELLINI, J.—This action was brought by an occupant of a vehicle which collided at an intersection with another vehicle in which the respondent was riding. A demurrer to the complaint was sustained.

The question before the court is: Can persons who have unlawfully taken possession of an automobile and are engaged in "joy riding" (which is a crime under RCW 9.54-.020) be held jointly and severally liable for injuries to a third party resulting from the driver's negligence?

We have found no case in this jurisdiction which has dealt with this question. The respondent says that the only theory on which he could conceivably be held is that of joint venture, and that the complaint fails to state facts which would entitle the appellant to recover on that theory as defined by this court in *Carboneau v. Peterson,* 1 Wn. (2d) 347, 95 P. (2d) 1043. In that opinion, after setting forth the cases dealing with alleged joint ventures which had previously been decided, this court said:

"Briefly stated, a joint adventure arises out of, and must have its origin in, a contract, express or implied, in which the parties thereto agree to enter into an undertaking in the performance of which they have a common purpose and in the objects or purposes of which they have a community of interest, and, further, a contract in which each of the parties has an equal right to a voice in the manner of its performance and an equal right of control over the agencies used in the performance. . . . "

The respondent's contention is that there is in his situation no legal and enforcible contract and no common purpose or community of interest. As for his contention that his contract, if any, was illegal, suffice it to say that it is an attempt to escape behind his own wrong. But we find it unnecessary to discuss at any length the applicability of the "joint venture" doctrine which has developed under the "host guest" statute. That statute is not involved in this case.

Among the cases which the court reviewed in *Carboneau v. Peterson, supra,* were *Martin v. Puget Sound Electric R.,* 136 Wash. 663, 241 Pac. 360; *Bates v. Tirk,* 177 Wash. 286, 31 P. (2d) 525; *Pickering v. Stearns,* 182 Wash. 234, 46 P. (2d) 394; *Forman v. Shields,* 183 Wash. 333, 48 P. (2d) 599; and *Petersen v. Ingersoll-Rand Co.,* 194 Wash. 584, 78 P. (2d) 1083. In each of those cases, an automobile was in the joint possession of persons who did not own it, and in none of them was there an express contract embodying the terms set forth in the *Carboneau v. Peterson* definition quoted above. But in each case, the court either held that the occupants were joint venturers or stated that the question was one for the jury.

The legal significance of the fact of joint possession was not discussed, but if the decisions were in accord with the holding of *Carboneau v. Peterson* (and they were not overruled by that case), an implied contract must have been found, a contract which gave an "equal voice in the manner of performance and an equal right of control." And, as a matter of fact, joint possession does imply such rights, just as does joint ownership.

We have never held that the elements of joint venture, as defined by this court, must be present in order to impute liability to joint owners. On the contrary, this court has held that where co-owners are present in a vehicle driven by one of them for their mutual purposes, the negligence of one is imputed to the other. *Anderson v. Grandy,* 154 Wash. 547, 283 Pac. 186. Other courts are in accord. *Apperson v. Lazro,* 44 Ind. App. 186, 87 N. E. 97; *Cowart v. Lewis,*

151 Miss. 221, 117 So. 531, 61 A. L. R. 1229; *Clark v. Town of Hampton*, 83 N. H. 524, 145 Atl. 265, 61 A. L. R. 1171; *Seiden v. Reimer*, 190 App. Div. 713, 180 N. Y. S. 345 (affirmed without opinion in 232 N. Y. 593, 134 N. E. 585); Annotation, 109 A. L. R. 124, at 127.

In *Fox v. Lavender*, 89 Utah 115, 56 P. (2d) 1049, 109 A. L. R. 105, the court refused to hold, as a matter of law, that a co-owner driver is the agent of his co-owner passenger, and decided that there is a rebuttable presumption that a co-owner riding with a co-owner driver has a joint right of control—a presumption arising from the *joint possession* that two joint owners both present are assumed to have. We think, however, that the joint right of control is not merely presumed, but is a legal incident of joint possession.

The liability in such cases is founded upon a theory of agency, that is, that the acts of the agent are imputed to the principal. It is now generally admitted that such imputed liability does not find its justification in any actual negligence on the part of the principal, but in public policy which decrees that the principal, for whose benefit and with whose consent the act is done, should bear responsibility to an injured third person.

We see no reason why that policy should not apply in a case such as this, for if liability is to be imputed to a co-owner, or co-hirer, who is lawfully in possession of an automobile, a fortiori, it should be imputed to one in unlawful possession.

In Restatement, Torts, 1277, § 491, we find this comment:

"The fact that the driver and another riding with him are in joint possession of the vehicle is sufficient to make any journey taken by them therein a joint enterprise irrespective of whether the journey is or is not made for a common business purpose. This is so not only when the joint possession arises from a joint hiring but also when it results from a joint ownership."

Our research and that of counsel has disclosed but one case with facts similar to those involved in this case. That case is *Jones v. Kasper*, 109 Ind. App. 465, 33 N. E. (2d) 816. In that case, the house guest of an automobile owner

unlawfully appropriated the automobile and induced other guests to join him in a joy ride. The court held that the others were not his guests, but were joint tort feasors in appropriating the automobile and that it was in their joint possession, making them liable for resulting injuries.

The decision in that case appears to us correct in principle and in law.

We conclude that the appellant has stated a cause of action which does not depend on the theory of joint venture, as defined by this court in *Carboneau v. Peterson, supra.* The liability of the co-converters arises out of their joint possession (however wrongfully obtained), a legal incident of which is a joint right of control; and because there is a joint right of control, the negligence of the driver is imputed to the occupant.

The respondent suggests that the trial court should be affirmed, even though this court finds that the complaint states a cause of action, because there is another action pending between the same parties for the same cause. That fact does not appear on the face of the complaint. Although reference is made to another action by title and number, the nature of the action is not disclosed. On appeal from a judgment sustaining a demurrer to a complaint, the supreme court cannot go outside the complaint to ascertain the facts, since the scope of the demurrer cannot be extended to cover facts not appearing on the face of the pleading attacked by the demurrer. *Arnesen v. Rowe,* 46 Wn. (2d) 718, 284 P. (2d) 329.

The judgment is reversed and the complaint reinstated.

WEAVER, C. J., HILL, FINLEY, and FOSTER, JJ., concur.