[No. 35535. Department Two. March 23, 1961.]

ELMER HAASE, *Respondent*, v. PAUL HELGESON, *Appellant*, LYNN HAASE, *Respondent*.[1]

[1]Reported in 360 P. (2d) 339.

*Theodore P. Cummings,* for appellant.

*McCutcheon, Soderland & Wells,* for respondents.

HUNTER, J.—This appeal arises out of an action involving a crash of an airplane which was taken and used without permission of the owner.

In the action, Elmer Haase, owner of the airplane, sought recovery against the defendant Paul Helgeson for its destruction. In his answer, Paul Helgeson denied liability and sought recovery for personal injuries against Lynn Haase, who was operating the airplane at the time of the accident. A summary judgment as to liability was entered in favor of Elmer Haase against the defendant for the damage to the airplane. The case proceeded to trial without a jury, limited to the following: the issue of damages raised in Elmer Haase's complaint; and the issue of liability and damages raised by Paul Helgeson's claim against Lynn Haase. Judgment was entered awarding damages to Elmer Haase in the amount of $3,000, and dismissing Paul Helgeson's claim against Lynn Haase. Paul Helgeson appeals.

The facts are as follows: The appellant, who was twenty-six years old, was an experienced pilot and had a license to fly commercially. He had been checked out in fourteen

or fifteen types of aircraft, including multiple-engine transports and a jet trainer aircraft while he was in the United States Air Force. He was familiar with aircraft having dual controls and flew rented privately-owned airplanes once or twice a month subsequent to the time he left the armed services.

Elmer Haase (who will be referred to as the respondent) owned a 1947 Stimson station wagon airplane which was stored in a hangar at the Evergreen airport located near Federal Way in King County. On April 8, 1959, about noon, the respondent's son, Lynn Haase, who was fifteen years of age, in the company of a friend, Gary Fay, fourteen and one-half years of age, stopped the appellant on highway 99 opposite the Seattle-Tacoma airport while he was on his way to work. The boys were without transportation and wanted to go to the Evergreen airport. Lynn Haase said he would take the appellant for a ride in return for transportation to the airport. The appellant consented. On the way to the airport, Lynn Haase displayed a key which he represented was for the airplane, and stated that he was part owner of it with his father. He further stated that he had a pilot's license, but the appellant neither asked to see the license nor questioned him about his age.

Upon their arrival at the airport, one of the front doors was found locked and could not be opened. However, Lynn Haase opened the other door, and the airplane was pushed from the hangar and boarded by the three. Gary Fay sat in the back seat. Lynn Haase sat in the left front seat, and the appellant sat in the right front seat. Controls were available to both of the front seats. Lynn Haase piloted the airplane to the runway, but did not line it up adequately for a take-off, which required Lynn Haase and the appellant to line it up manually. At this point, Lynn Haase performed a preflight check of the magneto system, but did not make a total preflight check which the appellant testified a careful pilot would make. With Lynn Haase in control, the airplane started down the runway, crashed and turned over. The record discloses that Lynn Haase had

neither any right of ownership in the airplane nor permission to use it on this day.

On appeal, the appellant's main contention is that the trial court erred in entering the summary judgment as to the issue of the appellant's liability for the damage to the airplane, because a genuine issue of a material fact existed as to whether the appellant knew the airplane was being taken and used without the permission of the owner. We agree with the appellant.

It is clear from the record that the respondent sought recovery on the theory that the appellant and Lynn Haase were joint tort-feasors, and, therefore, the liability of Lynn Haase for damaging the airplane was imputed to the appellant. The respondent bases this theory of relief solely upon the principle of law expressed in *Combes v. Snow*, 56 Wn. (2d) 122, 351 P. (2d) 419 (1960), which was not based upon the existence of a joint venture or a master and servant relationship. In the *Combes* case, we held that guests of a person taking an automobile for a "joy ride" without the permission of the owner were jointly and severally liable for injuries to a third person resulting from the driver's negligence, because the guests and the driver were in joint possession of the automobile. However, an examination of the briefs in that case discloses that the guests knew the automobile was being taken without the owner's permission. Also, in the case which we cited therein and relied upon in arriving at the conclusion that the guests were jointly and severally liable, *Jones v. Kasper*, 109 Ind. App. 465, 33 N. E. (2d) 816, the guests had actual knowledge that the automobile was being taken without permission of the owner. It is clear, therefore, that for the respondent to prevail against the appellant on the basis of the *Combes* case, *supra*, he must show that the appellant knew Lynn Haase did not have the permission of the respondent before the airplane was taken and used. Since this involved a genuine issue of a material fact as to the appellant's liability for the damage to the airplane, the entry of summary judgment by the trial court constituted error.

In his argument on appeal, the respondent suggests

the summary judgment can be upheld on the ground that since the appellant was a trespasser as to the airplane, he should be liable for all the damage caused to it. We disagree. Except where liability is imputed to a trespasser, he cannot be held liable for more than nominal damage unless specific damage, proximately caused by his conduct, is proved. 52 Am. Jur. 872, *Trespass*, § 47 (1944); 1 Harper & James, Torts § 2.6 (1956). See *Keesling v. Seattle*, 52 Wn. (2d) 247, 324 P. (2d) 806 (1958). In the instant case, there is no evidence that the accident was proximately caused by the appellant's conduct which consisted solely of pushing the airplane into position and riding in it. Therefore, no original liability is attributable to the appellant as to the damage to the respondent's airplane.

■ The appellant contends the court erred in dismissing his claim against Lynn Haase for personal injuries sustained resulting from Lynn's negligent operation of the aircraft. After considering the evidence in the case on the merits, the trial court found that the appellant assumed the risk of traveling in an airplane operated by a person he knew was incompetent to pilot an aircraft. There is substantial evidence in the record to support this finding. Therefore, the judgment dismissing the appellant's claim against Lynn Hasse should not be disturbed. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959).

The judgment of respondent Elmer Haase against the appellant is reversed and remanded for a new trial, and for consideration of the issues consistent with our holdings in this opinion. The judgment dismissing the appellant's claim against Lynn Haase is affirmed.

The appellant will recover his costs of this appeal from respondent Elmer Haase, and Lynn Haase will recover his costs from the appellant.

FINLEY, C. J., MALLERY, DONWORTH and OTT, JJ., concur.