[No. 2044–3.   Division Three.   April 20, 1978.]

ELTON E. POE, ET AL, *Appellants,* v. CHARLES S. SHEELEY, ET AL, *Respondents.*

*Philip M. Raekes* and *Raekes, Rettig & Osborne,* for appellants.

*Andrew Bohrnsen, John Schultz, Leavy, Taber, Schultz, Bergdahl & Sweeney, Edward B. Critchlow,* and *Critchlow, Williams, Ryals & Schuster,* for respondents.

GREEN, J.—The plaintiffs, Elton and Juanita Poe, sued several defendants for damages for personal injuries sustained by them as a result of an automobile accident. The jury returned a verdict for the plaintiffs as against two of the defendants, but found no liability on the part of the defendant John McNeill, who, with a pickup truck, had been pushing Patricia George, the driver of one of the vehicles involved in the collision. The Poes appeal, alleging that the trial court erred in (1) refusing to give their proposed instruction relating to the liability of the pushing driver under a joint–control theory, and (2) giving an instruction which did not refer to a joint–control theory.

The sole issue presented is whether the prior acts and conduct of defendants John McNeill and Patricia George were of such character as to require the trial court to instruct the jury on joint control as proposed by the plaintiffs. We answer in the negative.

On August 29, 1974, John McNeill agreed to repair the 1963 Chevrolet Impala of his friend, Patricia George. In order to get the vehicle started so that it could be driven up on blocks, they decided to have Mr. McNeill push Mrs. George with a pickup truck. This operation continued unsuccessfully on one of Richland's major arterials, Van-Giesen Street. As the vehicles approached the intersection of Kingston Road and VanGiesen Street, the Impala briefly

started, allowing Mrs. George an opportunity to accelerate, then the engine died. Mrs. George turned off on Kingston Road, made a U–turn, and returned to the intersection, stopping the car so that it protruded approximately 3 to 5 feet into the westbound lane of travel on VanGiesen. Mr. McNeill also pulled onto Kingston Road, made a U–turn, and stopped behind her. Both Mrs. George and Mr. McNeill testified that it was her immediate decision to turn onto Kingston Road. Although McNeill had earlier instructed her that, if they were unsuccessful in starting the Impala, she should get off the arterial, he gave her no direction to turn at that particular intersection or stop at that particular place.

After several cars had passed through the intersection, the defendant, Charles Sheeley, came around the curve from the same direction as Mrs. George and Mr. McNeill had traveled on VanGiesen. When he saw Mrs. George, he applied his brakes but skidded into the front side of her vehicle. The impact knocked his car into the oncoming lane of traffic where he struck the Poes' vehicle. The Poes sued Sheeley, George, and McNeill for their resulting injuries.

As to Mr. McNeill's liability, the trial court gave the following instructions:

Instruction No. 12

A person who pushes a disabled vehicle is in control of that vehicle if that person pushes the vehicle to its position on the roadway where a collision occurs, and that person is responsible therefor.

Instruction No. 13

On the other hand, a person who pushes a disabled vehicle is not in control of that vehicle once the pushing has stopped and the pushed vehicle continues to travel on the roadway and thereafter is stopped at a point on the roadway where a collision occurs, and that person is not responsible therefor.

The Poes excepted to the giving of these instructions. Instead, they proposed an instruction which incorporated the foregoing instructions but went one step further in advising the jury that they could also find that Mr. McNeill

was liable based on the theory of joint right of control with Mrs. George over the disabled vehicle at the time of the accident. Their proposed instruction reads as follows:

> Whether or not John McNeill is responsible for the conduct of the vehicle being driven by Patricia O'Bryan [George] depends on whether or not John McNeill was in control, in whole or in part, of Patricia O'Bryan's vehicle at the time the collision occurred.
>
> A person is in control of a vehicle even though he is not in the driver's seat of the vehicle at the time a collision occurs if there exists between himself and the driver of that vehicle a joint right of control. As used in this instruction the words "joint right of control" means that each person, driver and non–driver, has an equal voice in the manner of performance and an equal right of control.
>
> If you find that John McNeill had a joint right of control over the Patricia O'Bryan vehicle at the time the collision occurred, then John McNeill is responsible for the conduct of the Patricia O'Bryan vehicle regardless of whether or not he pushed that vehicle to its location on the roadway where the collision occurred.
>
> If you find that John McNeill did not have a joint right of control over the Patricia O'Bryan vehicle at the time the collision occurred but that John McNeill pushed that vehicle to its position on the roadway where the collision occurred, then John McNeill is also responsible for the conduct of the Patricia O'Bryan vehicle.
>
> On the other hand, if you find that John McNeill did not have a joint right of control over the Patricia O'Bryan vehicle at the time the collision occurred and further find that John McNeill did not push the Patricia O'Bryan vehicle to its location on the roadway where the collision occurred then John McNeill is not responsible for the conduct of the Patricia O'Bryan vehicle.

The plaintiffs contend that the court should have instructed the jury to consider Mr. McNeill's liability based on a theory of joint right of control because his activities in assuming responsibility for repairing the Impala, in pushing the disabled vehicle, and in directing Mrs. George as to the general route they would take while he pushed her amount to actions in concert with Mrs. George.

██ In *Rauscher v. Halstead,* 16 Wn. App. 599, 601, 557 P.2d 1324 (1976), the court set forth the three elements which must exist before it will find that two or more defendants acted as joint tort–feasors:

> (1) a concert of action, (2) a unity of purpose or design, (3) two or more defendants working separately but to a common purpose and each acting with the knowledge and consent of the others. *Litts v. Pierce County,* 5 Wn. App. 531, 536 n.1, 488 P.2d 785 (1971), quoting from *Alexander v. Hammarberg,* 103 Cal. App. 2d 872, 230 P.2d 399 (1951). Generally speaking, a "joint tort" occurs only where the behavior of two or more tort–feasors is such as to make it proper to treat the conduct of each as the conduct of the others as well.

To be a joint tort–feasor, a person's negligence must have combined with the negligence of another in a concerted action to produce the proximate cause of the injury to a third person. The mere act of pushing a disabled vehicle is not negligence. *See Wiebel v. American Farmers Mut. Ins. Co.,* 140 A.2d 712 (Del. Sup. Ct. 1958) and *Barth v. Milwaukee Auto. Ins. Co. Ltd. Mut.,* 268 Wis. 335, 67 N.W.2d 272 (1954). Nor is there negligence on the part of the pushing driver where the push has stopped and the operator of the disabled vehicle drives into a hazardous position unless facts exist which would indicate that the pushing driver exercised some control over the disabled vehicle after the pushing stopped.

Plaintiffs contend that Mr. McNeill did exercise this control over the George vehicle because he had instructed Mrs. George to take the nearest turn off VanGiesen if the car stalled again. We do not believe that this direction on McNeill's part caused him to assume control over the manner in which the George vehicle was operated. True, Mrs. George did turn off VanGiesen Street, as they had earlier agreed she would if the vehicle stalled again. However, this act was not negligent. The negligence occurred when she stopped her vehicle so as to partially block traffic on VanGiesen. McNeill did not consent to this act of negligence,

nor did he have a duty to extricate Mrs. George from her own negligence. He was not a joint tort–feasor.

Nor are there any facts under which the negligence of Mrs. George could be imputed to John McNeill. The Poes do not contend that the activities of Mr. McNeill and Mrs. George on the day in question amounted to a joint venture. They do rely on *Combes v. Snow*, 56 Wn.2d 122, 351 P.2d 419 (1960), in support of their theory that Mr. McNeill and Mrs. George exercised a joint right of control over the operations of the disabled vehicle. *Combes* is not controlling in the present situation. There, two persons converted a vehicle for joyriding and were later involved in a collision. The court found them jointly and severally liable based on their joint possession which gave rise to a joint right of control. The negligence of the driver was imputed to the passenger. Here, there was no joint possession on which to base joint right of control.

Hence, we find no error in the instructions given and refused.

Affirmed.

Munson, C.J., and Roe, J., concur.

Reconsideration denied May 12, 1978.