[No. 18600–1–I.   Division One.   September 21, 1987.]

GRETA FOSTER, *as Guardian, Plaintiff,* v. JAMES G. CARTER, ET AL, *Appellants,* GUY MARSH, ET AL, *Respondents.*

*Jeffrey C. Grant,* for appellants.

*Nancy McCoid,* for respondent Hargan.

*William R. Hickman,* for respondents Gerald Marsh, et al.

SCHULTHEIS, J.*—Howard Carter and his parents appeal from a summary judgment dismissal of their third party complaint against Guy Marsh, Chris Hemmen, and Jeff Hargan. The Carters contend respondents are bound by the denial of an earlier summary judgment motion which was brought by another third party defendant. The Carters also contend they raised a genuine issue of material fact regarding common enterprise liability. We affirm.

The facts are undisputed. Nine teenage boys decided to have a "BB gun war" in some woods near Bothell High School. The only rules of the game were that there would be two teams which would shoot at each other, and that they would only shoot below the waist. The game was to continue until one team decided to quit. Within an hour, Howard Carter shot Todd Harris in the eye. At the time of the accident, Todd was peeking around a tree so that only

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

the upper half of his body was visible to Howard. The shooting was an accident insofar as Howard did not intend to hit Todd in the eye.

Chris Hemmen is approximately 2 years younger than any of the other boys. He was afraid because the other boys were all bigger than he was at the time of the accident. He therefore hid and never fired a shot on the day of the accident. Jeff Hargan was playing against some other boys and did not shoot at Todd or observe the accident. Guy Marsh had been shooting at Todd before the accident. Todd had been shooting at Guy and Howard before the accident.

Todd and his mother sued Howard and his parents. The Carters then brought this third party action for contribution against the seven other participants and their parents. The Carters alleged the boys combined in a joint enterprise or concerted action to injure Todd. The third party defendant parents were subsequently dismissed pursuant to a stipulation.

The Carters' attorney, Jeffrey C. Grant, requested the third party defendants to delay presenting any summary judgment motions for approximately 1 month to give him an opportunity to bring a summary judgment motion against the plaintiffs. Respondents herein agreed, but counsel for third party defendant Dan Allen proceeded with a summary judgment motion, which was denied.[1] Respondents did not receive enough notice to enable them to comply with the 14-day rule of King County Local Rule (LR) 56 if they wished to note their motions for the same day as Allen's motion.

The Carters did not move for summary judgment against the plaintiffs within the 1 month agreed upon. Respondents herein then brought a summary judgment motion against the Carters before a different judge, which was granted. The Carters appeal.

The Carters first contend these respondents are bound

---

[1]Allen has moved for discretionary review, which has been stayed pending the outcome of this case. Cause 18455-5-I.

by the outcome of Dan Allen's summary judgment motion. They argue successive summary judgment motions are prohibited by King County LR 7(b)(1) and by principles of collateral estoppel.

LR 7(b)(1) provides:

(A) Reapplication on Same Facts. When an order has been refused in whole or in part (unless without prejudice) or when an order has been granted conditionally and the condition has not been performed, the same motion may not be presented to another judge.

(B) Subsequent Motion, Different Facts. If a subsequent motion is made upon an alleged different state of facts, the moving party must show by affidavit what motion was previously made, when and to what judge, what order or decision was made on it, and what new facts are claimed to be shown. For a failure to comply with this requirement, an order made upon such subsequent motion may be set aside.

We hold LR 7(b)(1) does not apply to bar respondents' summary judgment motion. LR 7(b)(1)(A) does not apply, because a subsequent motion by a different party is not a *re*application on the same facts. In addition, LR 7(b)(1)(A) specifically excepts orders entered without prejudice. The order denying Allen's motion for summary judgment was not a final order. *Herrmann v. Cissna,* 82 Wn.2d 1, 507 P.2d 144 (1973); *Leija v. Materne Bros.,* 34 Wn. App. 825, 664 P.2d 527 (1983). LR 7(b)(1)(B) does not apply, because the same facts were presented at both motions.

Furthermore, the superior court has inherent power to waive its own rules, and this court will presume the superior court had sufficient cause to waive LR 7, absent evidence of an injustice. *Raymond v. Ingram,* 47 Wn. App. 781, 784, 737 P.2d 314 (1987); *Snyder v. State,* 19 Wn. App. 631, 637, 577 P.2d 160 (1978). Here, there was no injustice, given counsel's specific request of a 1–month delay and given the fact different parties brought the subsequent motion.

Nor are these respondents collaterally estopped by the order on Dan Allen's motion. The elements of collateral

estoppel include a final order, privity, and that no injustice would result from application of the doctrine. *See generally* Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington,* 60 Wash. L. Rev. 805, 829 (1985). We have already stated there was no final order. It would be unjust to bind respondents to the outcome of a motion brought by another party, especially given counsel's request for a continuance.

Respondents are not in privity merely because they could have possibly litigated their motions at the same time as Allen's. First, the record supports their assertion that notice was not received in time under LR 56. Second, parties are in privity only if they claim under the same title, as with successors in interest. *McDaniels v. Carlson,* 108 Wn.2d 299, 738 P.2d 254 (1987); *Owens v. Kuro,* 56 Wn.2d 564, 568, 354 P.2d 696 (1960). Respondents do not have any claim under the same title as Allen.

In summary, the superior court did not err in permitting respondents to present their summary judgment motions. It follows that the superior court did not err in refusing to award the Carters attorney fees as a sanction for the respondents' noting of successive summary judgment motions.

The Carters next contend they raised a genuine issue of material fact, thus precluding summary judgment.

In reviewing a summary judgment, this court engages in the same inquiry as the superior court. That is, summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982). A material fact is one upon which the outcome of the litigation depends. *Capitol Hill Methodist Church v. Seattle,* 52 Wn.2d 359, 324 P.2d 1113 (1958); *Amant v. Pacific Power & Light Co.,* 10 Wn. App. 785, 520 P.2d 181 (1974), *aff'd,* 84 Wn.2d 872, 529 P.2d 829 (1975). Here, the above stated facts are undisputed. The Carters contend,

however, that there are genuine issues of material fact regarding whether third party defendants' conduct constituted concerted action and regarding whether their violation of a city ordinance constituted negligence per se.

■ RCW 4.22.040(1) provides in part:

> A right of contribution exists between or among two or more persons who are *jointly and severally liable* upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them.

(Italics ours.) The Carters rely upon *Rauscher v. Halstead,* 16 Wn. App. 599, 557 P.2d 1324 (1976). There, the court held joint and several liability would apply only if all three of these elements existed: (1) a concert of action, (2) a unity of purpose or design, *and* (3) two or more defendants working separately but to a common purpose and each acting with the knowledge and consent of the others. *Rauscher,* at 601.

Here, the second element is met insofar as the boys had a unity of purpose to play "BB gun war." However, there is no evidence of a concert of action against Todd Harris. Nor is there any evidence Howard's act of shooting at Todd above the waist was done with the knowledge or consent of the other boys.

The Carters argue a jury could find all the boys combined to shoot at Todd Harris. There is absolutely no evidence of such a venture in the affidavits or depositions of record. The Carters seem to ignore the undisputed fact that all the boys, *including* Todd, combined to shoot at *each other.* It is also undisputed that only Howard Carter was shooting at Todd at the moment of the accident. This is not a case where several shots were simultaneously fired from different guns. Therefore the "concerted action" theory of *Summers v. Tice,* 33 Cal. 2d 80, 199 P.2d 1, 5 A.L.R.2d 91 (1948) is inapplicable.

■ In addition, one who is immune from liability to the

plaintiff as a matter of law cannot be liable to the defendant for contribution. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 652 P.2d 948 (1982) (concerning employer immunity under the Industrial Insurance Act). The evidence is undisputed that respondents followed the rules of the "BB gun war." Therefore, as a matter of law, Todd assumed the risk of any injury by these respondents. *Ridge v. Kladnick,* 42 Wn. App. 785, 713 P.2d 1131, *review denied,* 106 Wn.2d 1011 (1986). Since respondents are not liable to Todd as a matter of law, they cannot be liable to the Carters for contribution.

The Carters also contend the respondents were negligent per se in violating Bothell ordinance 10.10.[2] It is undisputed Chris Hemmen never pointed or fired his gun, so presumably this argument is directed only at respondents Hargan and Marsh.

The Carters cite *NeSmith v. Bowden,* 17 Wn. App. 602, 563 P.2d 1322 (1977) for the proposition that violation of an ordinance is prima facie proximate cause. However, negligence per se only applies if the statute's purpose is to protect the one who was injured. *NeSmith,* at 608. Here, all of the boys consented to having guns pointed at each other. There is no indication the statute was designed to protect those who would voluntarily participate in a "BB gun war."

At oral argument before this court, the Carters' counsel cited *Combes v. Snow,* 56 Wn.2d 122, 351 P.2d 419 (1960). The Carters argue that case stands for the proposition that a passenger in an unlawfully taken vehicle who is criminally liable under the "joyriding" statute, is also negligent per se for any injuries sustained by a third party. Thus, the Carters argue, respondents are negligent per se in violating

---

[2]"Sec. 10.10 Aiming or Discharging Dangerous Weapon Forbidden. Every person who aims any gun, pistol, revolver or other dangerous weapon, whether loaded or not, at or toward any human being, or who willfully discharges any firearm, air gun or other dangerous weapon, or throws any deadly missile in a public place, or in any place where any person might be endangered thereby although no injury results, shall be guilty of a misdemeanor."

Bothell ordinance 10.10, and are jointly and severally liable for Todd's injuries. *Combes* is inapposite for several reasons. First, the court did not address negligence per se but rather analogized to the joint and several liability of co–owners of a vehicle. Second, liability was premised on a joint right to control the vehicle. Here, there is no issue of a joint right to control Howard Carter or his gun. *Combes* was distinguished on this ground in *Poe v. Sheeley*, 19 Wn. App. 833, 578 P.2d 63 (1978). Third, at issue was liability toward a third party who had not participated in the "joy ride," but who was instead a passenger in a second vehicle which collided with the vehicle unlawfully taken. Here, Todd Harris was an active and willing participant in the "BB gun war."

The Supreme Court held there was no proximate cause as a matter of law, despite the violation of a statute, in *Hansen v. Washington Natural Gas Co.*, 95 Wn.2d 773, 779, 632 P.2d 504 (1981). There, the plaintiff was fully aware of the risks attendant to walking through a construction site, and no additional barricades or warnings would have kept her from jaywalking to her bus stop. The court held defendant's negligence per se did not proximately cause plaintiff's injury under the undisputed facts of the case.

Here, the fact Hargan and Marsh had pointed their guns was not a proximate cause of Todd's injury. As a matter of law, no negligence per se of respondents proximately caused Todd's injury. Summary judgment was therefore appropriate.

Respondents Hemmen and Marsh have moved for attorney fees on the ground the Carters have pursued a frivolous appeal. *See* RAP 18.9; *Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 9, 15, 665 P.2d 887 (1983). We do not believe the appeal is frivolous.

The summary judgment is affirmed. Respondents' motion for attorney fees is denied. Appellants' "Motion to Strike

and to Redact" and respondents' request for sanctions are denied.

COLE and DORE, JJ. Pro Tem., concur.