36059. PHILLIPS et al. v. BACON et al.

NICHOLS, Justice.

This case is on direct appeal from the trial court's grant of partial summary judgment in favor of Bacon and his insurance carrier, Armed Forces Cooperative Insuring Association (Armed Forces). Phillips, the appellant and plaintiff below, owned a home in White County. Phillips had purchased the home in 1975 from Mr. and Mrs. Marcin. In order to finance the purchase, Phillips assumed Marcin's outstanding loan with Habersham Federal Savings and Loan Association, and in addition, Phillips obtained from Marcin a secondary loan on the property. Both loans were secured by deeds to secure debt recorded in White County. Two years later, on July 5, 1977, Phillips and Bacon reached an agreement for sale of the property. They entered into a sales contract

which provided, inter alia, that Phillips would convey marketable title to the property at closing; that Bacon had the option as purchaser either to cancel the contract or to consummate the contract and receive Phillip's insurance proceeds, if any, should the premises be destroyed prior to closing; that the property to be conveyed was as described in the warranty deed from Marcin to Phillips, which included a reference to the deed to secure debt from Marcin to Habersham Federal Savings; and that closing was to be on or before November 5, 1977.

Sometime in July after the parties entered into the sales contract, Bacon began making improvements in the garage and basement of the house. He eventually remodeled the basement and added a room in part of the garage. Phillips acquiesced to this construction work, and he apparently allowed Bacon to move personal property into the house and to begin living there. Around the beginning of September the parties set a date for closing. In anticipation of closing, Bacon obtained an insurance policy from Armed Forces insuring the home. This policy was added to an existing policy which Bacon had covering his personal property. On September 2, 1977, the day set for closing, Bacon learned that the second loan from Marcin to Phillips had not been satisfied and the deed to secure debt in favor of Marcin was still outstanding. Marcin could not be contacted at this time in order to effect a cancellation of the deed to secure debt, nor could the final payout be determined. The record also indicates that Phillips had been eight months in arrears on payments to Marcin. The closing never occurred because Marcin could not be reached, and Phillips could not convey marketable title until some provision was made for payment of the amount due on the second loan.

After the attempted closing but before the contract expired on November 5th, the house was totally destroyed by fire. Phillips did not have fire insurance on the dwelling. Bacon lost his personal property and filed a claim with Armed Forces for that loss and for the value of his improvements to the house. They paid for Bacon's personal property losses and his improvements, but refused to pay for any additional losses because Bacon was not legal owner of the property. Phillips instituted this

action against Bacon and Armed Forces, seeking specific performance from Bacon or in the alternative damages of $87,000.00 for Bacon's negligent destruction of the home. Bacon moved for partial summary judgment as to the specific performance issue, and Armed Forces moved for summary judgment as to its responsibility to Phillips under Bacon's fire insurance policy. The trial court granted both motions with the result that Armed Forces was removed from the case as a party defendant, leaving only a suit based upon negligence against Bacon. Phillips appeals.

Neither party has indicated why the risk of loss provision in the sales contract is not the controlling factor in the case. This provision gives the purchaser the option of canceling the contract in the event the home is destroyed prior to closing. Nevertheless, it is well settled that the doctrine of equitable conversion, which in the absence of a specific contract provision passes the risk of loss to the purchaser, only applies when the seller is able to convey title as required in the contract. "If the vendor is so situated that he cannot make title according to the contract, the purchaser will not be regarded as the owner; and if the property is damaged before the vendor is in condition to convey, the loss must fall on him and not on the purchaser." *Mackey v. Bowles,* 98 Ga. 730, 735 (25 SE 834) (1896); *Walker v. General Ins. Co.,* 214 Ga. 758 (107 SE2d 836) (1959). See Pindar, Ga. Real Est. Law 595, § 18-24 (2nd Ed. 1979). Equity will not require specific performance by Bacon where Phillips has not met the condition precedent of conveying marketable title without the encumbrance of the second loan and deed to secure debt. See *Moore v. Buiso,* 235 Ga. 730 (221 SE2d 414) (1975); *Ansley v. Atlanta Suburbia Estates,* 230 Ga. 630 (198 SE2d 319) (1973); *Stribling v. Ailion,* 223 Ga. 662 (152 SE2d 427) (1967). Therefore, the trial court was correct in granting appellee's motion for partial summary judgment.

Since the risk of loss was upon Phillips as vendor, Armed Forces cannot be held liable for his loss. Armed Forces insured Bacon, and Phillips has not presented any case authority or legal theory which gives him the right to proceed against Armed Forces. The rule is that absent the

assignment of an insurance policy, a suit on the policy must be brought by the policyholder. 214 Ga. at 761. *U.S. Homes Assistance Corp. v. Southern Guaranty Ins. Co.,* 131 Ga. App. 676 (206 SE2d 555) (1974). The trial court was correct in entering summary judgment for Armed Forces.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 21, 1980 — DECIDED MAY 21, 1980.

*Richard, Chenggis, Constantinides & Mallis, George G. Chenggis,* for appellants.

*Savell, Williams, Cox & Angel, Edward L. Savell, Nall & Miller, Robert B. Hocutt, Long, Weinberg, Ansley & Wheeler, John E. Talmadge,* for appellees.