### 66676. MEADOWS v. DOUGLAS COUNTY FEDERAL SAVINGS & LOAN ASSOCIATION et al.
### 66677. NATIONAL SECURITY FIRE & CASUALTY COMPANY v. MEADOWS et al.

SOGNIER, Judge.

Betty A. Meadows (formerly Betty A. Davis) sued Nicholson Insurance Agency, Inc. (Nicholson), Douglas County Federal Savings and Loan Association (Douglas County Federal), and National Security Fire and Casualty Co. (National Security) for fire damage to a house located in Douglas County. The house in question had been purchased by Meadows and her former spouse, Aubrey Davis, with a loan from Douglas County Federal. A fire insurance policy was obtained in October 1976 through Nicholson from National Security, wherein only Aubrey Davis was named as insured. In January 1977, Douglas County Federal exercised its option under the security deed and paid the premiums under the fire insurance policy, adding the premium amount to the monthly mortgage payment. When Meadows and Davis were divorced in December 1977, she obtained title to the house in the settlement and continued paying Douglas County Federal for the mortgage and insurance premiums. However, Meadows failed to contact Douglas County Federal, Nicholson, or National Security as to the change in title ownership. When the house was destroyed by fire in June 1978, National Security, by reason of the title to the property not being in the named insured, paid off the mortgage and was assigned the security deed by Douglas County Federal pursuant to the provisions of the policy.

Meadows sued to obtain the benefits of the fire insurance policy. The jury found for Meadows against Nicholson and National Security, but found against Meadows and for Douglas County Federal. After the dispersal of the jury, the trial court granted Nicholson's motion to set aside the judgment. Meadows brings this appeal as to Nicholson and Douglas County Federal. National Security appeals as to the judgment against it.

1. Meadows contends that the trial court erred in granting

Nicholson's motion to set aside the verdict and denying her motion for new trial as to Nicholson. The form of the verdict returned as to Nicholson was: "We, the jury, find for Plaintiff against Nicholson Insurance Agency, Inc. in the amount of $ <u>none</u> principal, $ <u>none</u> interest, $5,000.00 additional damages, $5,968.75 attorney fees." The trial court entered judgment against Nicholson in the amount of $10,968.75 and dispersed the jury. Nicholson subsequently moved the trial court to set the verdict aside on the ground that punitive damages and attorney fees cannot be awarded without an award of actual damages. The trial court properly set aside the additional damages and attorney fees, and correctly held that the jury's verdict of zero principal and zero interest was a judgment for Nicholson. *Wade v. Culpepper,* 158 Ga. App. 303 (279 SE2d 748) (1981).

Meadows then moved for a new trial on the general grounds. Although a judge may grant a new trial where an improper verdict has been received and recorded and the jury dispersed, where the trial court correctly struck that part of the illegal verdict, *Biggers v. Biggers,* 250 Ga. 248, 251 (297 SE2d 257) (1982), it is within the trial court's discretion to determine whether the remainder of the jury's verdict is against the weight of evidence. *Kendrick v. Kendrick,* 218 Ga. 460 (1) (128 SE2d 496) (1962). The trial court's denial of Meadows' motion for a new trial on the general grounds was not an abuse of its discretion and is supported by the record. Id.

2. Meadows contends that the trial court erred in denying her motion for partial summary judgment as to Douglas County Federal in that Douglas County Federal failed to controvert her affidavit stating that Douglas County Federal was liable to her by virtue of its failure to obtain and maintain a fire insurance policy in which she was a named insured. On motion for summary judgment the burden of showing the absence of a genuine issue of material fact is on the moving party and does not shift to the nonmoving party until a prima facie right to such judgment is shown. *Intl. Systems v. City of Jackson,* 161 Ga. App. 423, 425 (288 SE2d 344) (1982). The record shows that Meadows failed to establish her prima facie case in that questions of material fact remained as to the identity of the insured under the fire insurance policy, Douglas County Federal's knowledge of the identity of the insured, and Douglas County Federal's obligations under the security deed in relation to the fire insurance policy. Furthermore, inconsistencies in Meadows' own affidavit were rightly construed by the trial court unfavorably to the movant. *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498, 502 (249 SE2d 214) (1978). Therefore, the trial court did not err in denying Meadows' motion for partial summary judgment.

3. Meadows contends that the trial court erred in denying her

motion for new trial as to Douglas County Federal because the jury's verdict was contrary to the evidence and contrary to law. The testimony cited by Meadows consisted of statements by Yates, an officer of Douglas County Federal, as to what his office "should have" done had it been aware of the divorce between Meadows and Aubrey Davis. There is no evidence in the record that Douglas County Federal knew of the divorce and evidence was presented that Douglas County Federal acted properly in this matter; therefore, the trial court did not abuse its discretion in denying Meadows' motion for new trial. *Crosby Aeromarine v. Hyde,* 115 Ga. App. 836, 838 (1) (156 SE2d 106) (1967).

4. Meadows finally contends that the trial court erred in refusing to charge the jury as requested as to solemn admissions made in judicio, again citing the testimony by Yates. This contention is without merit. Douglas Federal did not admit it knew of the divorce; therefore, statements as to what Douglas County Federal "should have" done had it been aware of the divorce cannot be considered an admission. See 11 EGL 404, Evidence (Civil), § 96.

5. National Security assigns four errors by the trial court in regard to the jury verdict against it and in favor of Meadows. National Security first contends that the trial court erred by denying its motion for judgment notwithstanding the verdict and motion for directed verdict on the grounds that it is entitled to judgment as a matter of law. In reviewing the overruling of motions for directed verdict or judgment n.o.v., the appropriate standard to be utilized is the any evidence test. *Jones v. Smith,* 160 Ga. App. 147, 148 (286 SE2d 478) (1981); *Lee v. Newman,* 240 Ga. 483 (241 SE2d 241) (1978). The evidence was scant to show that Nicholson was an agent of National Security rather than an independent agent. Even assuming, by reading the evidence in a light most favorable to Meadows, that Nicholson was the agent of National Security, the record fails to disclose any evidence that Nicholson was aware of the finality of the divorce between Meadows and Aubrey Davis or that Meadows had received title to the house in the divorce settlement. Although knowledge of material facts on the part of an agent of an insurance company is notice to that company, *Wilson Marine Sales &c. v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220, 223 (3) (211 SE2d 145) (1974), there was no evidence that Nicholson had knowledge of the change in title and, in the absence of any evidence showing National Security had independent knowledge of the title change, we cannot impute such knowledge to National Security. Therefore, National Security had no contractual obligation to provide coverage to Meadows. See *Phillips v. Bacon,* 245 Ga. 814, 816 (267 SE2d 249) (1980). "While it is erroneous for a court to direct a verdict in favor of

a particular party to the cause where there is an issue of fact, where the proved facts, viewed from every possible legal point raised by the evidence, would sustain no finding other than the one directed, i.e., where there is no issue of fact, then it is error to refuse to direct an appropriate verdict. [Cits.] Further, in giving consideration to a motion for judgment notwithstanding the verdict, the court is concerned substantially with the same principles of law as are applicable upon consideration of the motion for directed verdict. The question for determination is whether or not the evidence demands a verdict for movant [cits.], and if there is no evidence to support the verdict returned, denial of the motion is error. [Cit.]" *Jones v. Spindel,* 143 Ga. App. 341, 343 (238 SE2d 703) (1977). Under the facts of this case, the denial of the motion for directed verdict, and the subsequent motion for judgment notwithstanding the verdict, were error.

Our determination of National Security's first enumeration of error makes it unnecessary for us to discuss the remaining errors.

The judgments for Douglas County Federal and Nicholson are thus affirmed and the judgment against National Security is hereby reversed.

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 30, 1983.

*Marvin P. Nodvin,* for appellant (case no. 66676).

*W. O'Neal Dettmering, Jr., Robert E. Corry, Jr., R. Clay Porter,* for appellees.

*Robert E. Corry, Jr., R. Clay Porter,* for appellant (case no. 66677).

*Marvin P. Nodvin, W. O'Neal Dettmering, Jr.,* for appellees.