A89A1411. WINTERCHASE TOWNHOMES, INC. et al. v. KOETHER et al.
(387 SE2d 361)

SOGNIER, Judge.

Carl and Bonnie Koether brought suit against Winterchase Townhomes, Inc., Carlsgate Properties, Inc., Carl E. Jones Development, Inc., and Carl E. Jones for breach of contract, fraud, and conversion arising out of a contract for purchase of a townhouse. The trial court granted the Koethers' motion for summary judgment and denied Carl Jones' motion to dismiss, and the defendants filed this appeal.

The record reveals that on October 23, 1985, appellees entered into a contract for the purchase of a townhouse owned by Winterchase Townhomes, Inc. (hereinafter "Winterchase"), built by Carl E. Jones Development, Inc. (hereinafter "Jones Development"), and marketed by Carlsgate Properties, Inc. (hereinafter "Carlsgate"). At all times material to this action Carl E. Jones has been president and chief executive officer of Winterchase, Jones Development, and Carlsgate. Appellees paid an earnest money deposit of $2,000 to Carlsgate as broker, which Jones deposited in a personal trust account. The contract provided that appellees were to take possession of the townhouse on December 1st upon making a down payment of $29,750

to Winterchase, and that the sale of the property would be closed three days after closing of the FHA mortgage that the parties had agreed Jones would obtain individually and allow appellees to assume. The contract also contained a provision stating that "should the Improvements to the Property be destroyed or substantially damaged before the closing, then at the election of [appellees]: (a) this Contract may be cancelled; or (b) [appellees] may consummate the Contract and receive such insurance as is paid on the claim of loss. Such election by [appellees] is to be exercised within ten (10) days after the amount of the damage to the Property is determined."

Appellees did move into the townhouse on December 1, 1985 after making the down payment specified in the contract (which at Jones' direction they paid to Jones Development rather than to Winterchase), and in lieu of rent paid the monthly interest on Winterchase's construction loan as required by the contract. On April 3, 1985, one day before the scheduled closing, the townhouse was destroyed by fire. Appellees testified by deposition and affidavit that they met with Jones on April 7th and demanded that the contract be cancelled and their money refunded, but Jones refused to repay the funds. They further stated that Jones later offered to rebuild the townhouse, but they did not agree to his proposal. Although in an affidavit Jones stated that appellees did not mention cancelling the contract or demand return of their payments, in both a prior deposition and a subsequent affidavit Jones acknowledged that appellees stated at the April 7th meeting they wanted to cancel the contract, but that he did not agree because he wanted to rebuild the townhouse and salvage the sale. The townhouse was rebuilt and sold to another party, but appellees' earnest money and down payment were not refunded. The trial court held that appellees were entitled to summary judgment against Winterchase and Carlsgate on their breach of contract claim and against Jones Development and Jones individually on the conversion claim, and awarded damages as follows: against Winterchase for the amount of the down payment and earnest money and the value of improvements appellees made to the townhouse; against Jones Development for the down payment; against Carlsgate for the amount paid as earnest money; and against Jones individually for the down payment and earnest money.

1. Appellants first contend the trial court erred by granting appellees' motion for summary judgment because a fact question remains regarding whether appellees validly exercised their option to cancel the contract. We do not agree, as Jones admitted that appellees sought to cancel the contract pursuant to the contract terms. His consent or lack thereof is irrelevant because by its terms the contract provides for cancellation at appellees' election, and does not require the consent of Winterchase or any other person or entity. As the par-

ties agree the townhouse was completely destroyed by the fire, there is no dispute that appellees timely exercised their option to cancel the contract, but Winterchase and Carlsgate refused to honor appellees' contractual remedy. See generally *McKoy v. Blalock*, 120 Ga. App. 180, 183-184 (3, 4) (169 SE2d 640) (1969). Accordingly, we find the trial court properly granted summary judgment to appellees against Winterchase and Carlsgate. See generally *Tuttle v. America First Ins. Co.*, 187 Ga. App. 68 (369 SE2d 342) (1988).

2. Appellants next contend that the trial court erred by holding that their retention of appellees' down payment and earnest money was "wrongful." As we held in Division 1, supra, that appellees validly exercised their right to cancel the contract, there was no breach of the contract by appellees so as to entitle Winterchase to exercise its contractual right to retain the money paid by appellees as liquidated damages. Compare *McGuire v. Norris*, 180 Ga. App. 383-384 (1) (349 SE2d 261) (1986). Accordingly, we find no error in the trial court's decision.

3. We do agree with appellants Jones and Jones Development that the grant of summary judgment against them on the conversion claim was error. "Conversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." (Punctuation and citations omitted.) *Mitzner v. Hyman*, 175 Ga. App. 311, 312 (1) (333 SE2d 182) (1985). Once appellees made the payments they were contractually obligated to pay, the funds were no longer their personal property and their ownership interest ceased to exist. The evidence is undisputed that Jones, as president of all three corporate appellants, was authorized to direct disbursement of the funds owed to Winterchase. Even assuming, without deciding, that Jones was not authorized to deposit the earnest money check into his personal account, any claim for trover and conversion would lie with Winterchase, the party to whom the payment was due, not appellees. Accordingly, appellees did not establish as a matter of law that Jones and Jones Development acted in derogation of appellees' rights of property ownership, see generally id. at 312-313 (1), and thus we reverse the trial court's award of summary judgment against them.

4. Appellant Jones also contends that the trial court erred by denying his motion to dismiss made on the ground that he acted solely in the capacity of officer and agent of the appellant corporations, and thus could not be held individually liable.

As matters outside the pleadings were presented to and considered by the trial court, Jones' motion to dismiss must be considered as a summary judgment motion. OCGA § 9-11-12 (b). Construed in

favor of appellees as the respondents on Jones' motion, the undisputed evidence reveals that Jones was not a party to the sales contract between appellees and Winterchase, and thus cannot be liable for its breach. Jones cannot be held individually liable for the acts of the corporate appellants, as the record is devoid of any evidence of fraud or abuse of the corporate form, and Jones' testimony that he acted solely in his capacity as a corporate officer is uncontroverted. See *Amason v. Whitehead*, 186 Ga. App. 320 (367 SE2d 107) (1988). As we found in Division 3 that no conversion of appellees' payments occurred, there is no evidence to support appellees' conversion claim against Jones.

"When the (defendant-)movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain." (Citations and punctuation omitted.) *West End Investments of Atlanta v. Hills*, 188 Ga. App. 274, 277 (372 SE2d 665) (1988). Appellant Jones having pierced appellees' allegations against him and appellees having failed "to come forward with at least an allegation from which appellant's liability on some other basis . . . could be maintained," id., we find the trial court erred by denying appellant Jones' motion for summary judgment. See generally id.

5. In the remaining enumeration of error Winterchase contends the trial court erred by awarding appellees damages for the value of improvements they made to the townhouse before the fire. This enumeration is without merit. While under the doctrine of equitable conversion the purchaser bears the loss when the seller is willing and able to consummate the sale but a substantial portion of the realty is destroyed before the closing, *Bleckley v. Langston*, 112 Ga. App. 63 (143 SE2d 671) (1965), here the parties by contractual agreement shifted the risk of loss to the seller. See *Phillips v. Bacon*, 245 Ga. 814, 816 (267 SE2d 249) (1980). As the contract allowed appellees to choose between accepting the insurance proceeds or cancelling the contract (thereby permitting Winterchase to receive the insurance proceeds), if the contract was cancelled appellees were entitled to be restored to their original position by recovering the value of improvements they made to the property. See generally *Pepper v. Flanagan*, 204 Ga. 265 (49 SE2d 525) (1948).

*Judgment affirmed in part and reversed in part. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 28, 1989 —
REHEARINGS DENIED OCTOBER 12, 1989 — 

*Michael M. Mantegna*, for appellants.
*J. Arthur Lee, Jr., Guy E. Davis, Jr.*, for appellees.