[No. 11459-7-III.   Division Three.   July 9, 1992.]

ART VOORDE POORTE, ET AL, *Appellants,* v. WILLIAM G. EVANS, ET AL, *Respondents.*

*Wade E. Gano, Blaine T. Connaughton,* and *Thorner, Kennedy & Gano, P.S.,* for appellants.

*Philip W. Wagner* and *Bogle & Gates,* for respondents.

SWEENEY, J. — Art and Ann Voorde Poorte brought this action for damages against William and Jeannette Evans following a fire which resulted in the loss of their mobile home. The Evanses were in the process of purchasing the home when the fire occurred. On the Evanses' motion for summary judgment, the court dismissed the Voorde Poortes' complaint. The Voorde Poortes appeal. We affirm in part, reverse in part and remand for further proceedings.

FACTUAL BACKGROUND

In July 1987, the Voorde Poortes and the Evanses executed a real estate purchase and sale agreement for the sale of land and a mobile home owned by the Voorde Poortes. The mobile home was vacant and the utility services had been disconnected.

The sale agreement provided in part that: closing was to occur on or before August 15, 1987; the buyers (Evanses) were entitled to possession on closing; and if the property was destroyed by fire, the buyers (Evanses) could terminate the agreement. The sale was originally set to close on July

26, 1987, but closing was delayed by agreement of the parties because the Voorde Poortes could not provide clear title.

Prior to closing, the Evanses took possession, moved employees into the mobile home and restored electrical service to the mobile home. On September 16, 1987, after the Evanses' employees had just finished lunch in the mobile home, they noticed smoke coming from somewhere in the mobile home. The local fire department responded, but the mobile home was destroyed by the fire.

Following his investigation, Grant County Fire Marshal Sam Lorenz concluded that the fire probably started in the kitchen and most likely involved the electrical system. He did not know the exact cause of the fire. There was no evidence that the fire was caused by incendiaries, chemicals, lightning or smoking. Fireman Steven Mitchell helped extinguish the fire and also investigated its cause. He believed the fire was caused by an electrical device that overheated or shorted out.

The employees occupying the mobile home were transient workers who could not be located and therefore were not questioned.

After the fire, the Evanses terminated the sale agreement. The Voorde Poortes brought causes of action based on contract, tort and trespass. The trial court granted the Evanses' first motion for partial summary judgment and dismissed the Voorde Poortes' causes of action for specific performance, breach of contract and liability based on promissory estoppel, concluding that the risk of loss remained with the Voorde Poortes. The court granted the Evanses' second motion for summary judgment, finding no material fact as to the cause of the fire and dismissed the Voorde Poortes' remaining causes of action for negligence and trespass.

STANDARD OF REVIEW

■ A summary judgment should be granted if the pleadings and affidavits show there is no genuine issue as to any material fact and the moving party is entitled to judgment

as a matter of law. *Meaney v. Dodd*, 111 Wn.2d 174, 177-78, 759 P.2d 455 (1988); *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 567, 731 P.2d 497 (1987), *overruled on other grounds in Phillips v. Seattle*, 111 Wn.2d 903, 766 P.2d 1099 (1989). Any doubts as to the existence of a genuine issue of material fact are resolved against the moving party. We consider all facts submitted and the reasonable inferences therefrom in the light most favorable to the nonmoving party, *Atherton Condominium Apartment-Owners Ass'n Bd. of Directors v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990), and engage in the same inquiry as the trial court. *Kennedy v. Sea-Land Serv., Inc.*, 62 Wn. App. 839, 855, 816 P.2d 75 (1991).

## BREACH OF CONTRACT

The Voorde Poortes first contend the court erred in dismissing the claim for breach of contract because material issues of fact remain regarding breach of contract and the risk of loss provision. They assert the Evanses did not have express permission for early possession of the mobile home, and therefore, breached the terms of the sale agreement by occupying the home prior to closing. Because of the early occupancy, the Voorde Poortes argue the Evanses should be precluded from enforcing that provision in the contract which placed the risk of loss on the vendor. The Voorde Poortes contend the risk of loss provision was conditional and the Evanses breached the contract by their early occupancy.

■ Contractual provisions allocating the risk of loss will generally be enforced in Washington. *Dunseath v. Hallauer*, 41 Wn.2d 895, 253 P.2d 408 (1953). In *Dunseath*, the court enforced a contract provision placing risk of loss prior to closing on the seller. It held the seller liable for damage to an orchard which had occurred prior to closing.

The Voorde Poortes contend that risk of loss should follow possession. While their position has a certain equitable appeal, it is against the weight of authority. *Phillips v. Bacon*, 245 Ga. 814, 267 S.E.2d 249 (1980); *Winterchase*

*Townhomes, Inc. v. Koether,* 193 Ga. App. 161, 387 S.E.2d 361 (1989) (purchasers in early possession of townhouse destroyed by fire allowed to cancel sales contract).

*Phillips v. Bacon, supra,* presents a fact pattern similar to the case before us. There, the sale contract gave the purchaser the option of canceling the contract if the property was destroyed prior to closing. The purchaser improved and occupied the property before closing. The closing did not occur as scheduled because of a problem with the title. Before the closing could be completed, the house was destroyed by fire. The Georgia Supreme Court affirmed a summary judgment dismissing the seller's action for specific performance concluding that the risk of loss provision controlled.

Here, there is a disagreement whether the Voorde Poortes knew or consented to the Evanses' early possession of the mobile home. However, that dispute is not a genuine issue of material fact. Risk of loss remained with the sellers even if we assume the Evanses' occupancy was nonpermissive. Early possession of the mobile home did not affect the contract provision that placed the risk of loss with the sellers. *Phillips v. Bacon, supra.*

█ If a contract is unambiguous, summary judgment is proper even if the parties dispute the legal effect of a certain provision. *Glesener v. Balholm,* 50 Wn. App. 1, 7, 747 P.2d 475 (1987). Interpretation of an unambiguous contract is a question of law. *Barnett v. Buchan Baking Co.,* 45 Wn. App. 152, 159, 724 P.2d 1077 (1986), *aff'd,* 108 Wn.2d 405, 738 P.2d 1056 (1987).

Here, the only dispute involved the legal effect of early possession. The court correctly decided as a matter of law that the risk of loss remained with the sellers.

### TRESPASS

The Voorde Poortes contend the Evanses should be liable for trespass because the circumstantial evidence was sufficient to support an inference that the Evanses' trespass proximately caused the fire.

■ If a party proves that he has been trespassed against, that party has a right to nominal damages without specifically proving actual damages. A trespasser, however, cannot be held liable for more than nominal damage, unless specific damage is proximately caused by the trespasser's conduct. *Haase v. Helgeson*, 57 Wn.2d 863, 867, 360 P.2d 339 (1961); 75 Am. Jur. 2d *Trespass* § 161, at 121 (1991). Here, substantial damages occurred. Accordingly, we limit our review to the issue of proximate cause.

The Voorde Poortes contend the circumstantial evidence showed the fire was a direct result of the Evanses' trespass and was sufficient to defeat a motion for summary judgment. They assert that direct evidence and expert testimony is not necessary to show that a fire was caused by negligence, citing *Grange v. Finlay*, 58 Wn.2d 528, 364 P.2d 234 (1961). They argue that there was sufficient circumstantial evidence to create a "reasonable inference" that the fire was electrical in origin.

The Evanses respond that circumstantial evidence is insufficient to establish proximate cause if the circumstances relied upon by the plaintiffs fail to conclusively exclude an alternate inference that the defendants did not cause plaintiffs' injuries. *Schmidt v. Pioneer United Dairies*, 60 Wn.2d 271, 276, 373 P.2d 764 (1962). The Evanses contend the evidence is insufficient as a matter of law to permit the inference that they proximately caused the loss because experts were unable to establish the cause of the fire.

■ Here, there is no direct evidence that the fire was caused by the Evanses' trespass. Proximate cause, however, may be adduced as an inference from other proven facts. *Adler v. University Boat Mart, Inc.*, 63 Wn.2d 334, 339, 387 P.2d 509 (1963). The criteria for proximate cause are relaxed when applied to trespass cases.

> It is important to realize that those who use another's land without permission may justifiably have "risks of losses" allocated to them far beyond those normally imposed when liability is imposed on a negligence theory. So-called proximate

cause rules adopted for fixing limits to liability for negligence are not necessarily applicable to trespasses.

W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on Torts* § 13, at 76-77 (5th ed. 1984).

Here, the proven facts are that: (1) prior to the Evanses taking possession, the mobile home was vacant and the electrical service had been turned off; (2) the Evanses had electrical service restored; (3) their employees were occupying the trailer at the time the fire occurred; (4) all possible causes of the fire were eliminated, except electrical; and (5) no alternative explanation was presented.

In *Grange v. Finlay, supra,* the plaintiffs' moorage facilities were damaged by a fire on the defendant's boat. The defendant failed to fully extinguish an earlier fire on the boat. The jury found the damage was caused by the negligence of the defendant. The trial court found there was no evidence of negligence on the part of defendant and granted judgment notwithstanding the verdict. Proof of the cause of the fire was circumstantial. The Supreme Court reversed the trial court finding the evidence sufficient to support the jury's conclusion:

> In this case, there was no attempt by the defendant to explain how the fire could have started, unless it sprang from the embers of the first fire. The evidence showed that the plaintiffs had conducted their moorage business at that location for about ten years and had never known of another fire on a boat anchored at their moorage. There was no evidence of arson or other possible origin of the fire, aside from the evidence which tended to support the theory proposed by the plaintiffs, that it resulted from failure to extinguish the first fire. The members of the jury were not asked to choose between two conjectural theories; rather they were offered one reasonable and probable explanation of the origin of the fire, but no substantial alternative explanation was suggested. Upon the evidence and under the instructions given, they were justified in finding that this was the most probable explanation.

*Grange*, at 532.

Here, the circumstantial evidence may not be sufficient to create a genuine issue of material fact on the issue of negligence, but it is sufficient to support a reasonable inference

that but for the trespass the fire would not have occurred. A genuine issue of material fact exists. The Voorde Poortes are entitled to submit their cause of action for trespass to the jury.

RES IPSA LOQUITUR

Finally, the Voorde Poortes contend they were entitled to submit the case on the theory of res ipsa loquitur.

■ Before res ipsa loquitur is applicable, the Voorde Poortes must establish the occurrence producing the injury is of a kind which ordinarily does not occur in the absence of negligence. *Howell v. Spokane & Inland Empire Blood Bank*, 114 Wn.2d 42, 58, 785 P.2d 815 (1990).

The Voorde Poortes have not met this requirement. Normal experience indicates that a fire could result even in the absence of negligence. *Cambro Co. v. Snook*, 43 Wn.2d 609, 617, 262 P.2d 767 (1953).

We affirm the trial court's order granting summary judgment on breach of contract and negligence and reverse the summary judgment on trespass.

SHIELDS, C.J., and THOMPSON, J., concur.