IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| BENJAMIN ORVOLD and COREY ORVOLD, husband and wife, and the marital community composed thereof,<br><br>Appellant/Cross-Respondent,<br><br>v.<br><br>WILLIAM MERSHON and DEBRA MERSHON, husband and wife, and the marital community composed thereof,<br><br>Respondent/Cross-Appellant. | No. 86628-1-I<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |

The appellant/cross-respondent, Benjamin Orvold and Corey Orvold, have moved for reconsideration of the unpublished opinion filed on August 19, 2024. The panel has considered the motion and determined that the motion should be granted, the opinion should be withdrawn, and a substitute opinion be filed.

Now, therefore, it is hereby

ORDERED that the appellant/cross-respondent's motion for reconsideration is granted; and it is further

ORDERED that the unpublished opinion filed on August 19, 2024, is withdrawn; and it is further

ORDERED that a substitute unpublished opinion be filed.

Cohen, J.

Feldman, J.          Díaz, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| BENJAMIN ORVOLD and COREY ORVOLD, husband and wife, and the marital community composed thereof, | No. 86628-1-I |
| Appellant/Cross-Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WILLIAM MERSHON and DEBRA MERSHON, husband and wife, and the marital community composed thereof, | |
| Respondent/Cross-Appellant. | |

COBURN, J. — The parties are families owning property in adjacent lots of a neighborhood with a roadway that ends in a cul-de-sac. The paved road that provides access to both properties is on the Orvold property, which is thus a servient estate to the Mershon property for ingress and egress by written easement and covenants. The Orvolds alleged trespass and waste on their property arising from the Mershons parking their vehicles on the easement road shoulder on the Mershons' side of the cul-de-sac, and sought injunctive relief to cease such parking as well as damages. They also alleged harassment by the Mershons. The Mershons counter-claimed for harassment.

The trial court dismissed the Orvolds' trespass claim under partial summary judgment and their waste claim under CR 41 during a bench trial. The court found that both parties had unlawfully harassed each other, issued restraining orders against both

parties, and denied attorney fees to both. Both parties appeal the final order, and the Orvolds appeal the summary judgment dismissal of their trespass claim.

We affirm the dismissal of the trespass claim where the Orvolds alleged that the Mershons knowingly entered the Orvold property without permission, but in response to the summary judgment motion clarified that they were not disputing the Mershons' right to park on the shoulder of the easement without permission from the Orvolds. Because the trial court did not make all the necessary findings of fact to support the anti-harassment order against both parties, we vacate the order and remand for further proceedings. We also affirm the trial court's denial of the Mershons' request for attorney fees.

FACTS

Benjamin and Corey Orvold, and Debra and William (who goes by Alan) Mershon, live across the street from each other in a Puyallup neighborhood that ends in a cul-de-sac. When the original owners of the area created plats, they also included an ingress-egress easement which provided that all owners were entitled to unrestricted use of the street, in common with the other owners, including parking on the shoulder of the road. The section of the roadway easement between the Orvold and Mershon homes is within the boundary lines of the Orvold property.

The center of controversy in this litigation is a section of paved road shoulder on the side of the cul-de-sac in front of the Mershon home where they sometimes park. This is the "disputed area." It is adjacent to a gravel parking strip that was created by the previous owners of the Mershon home and subject of a prior litigation involving those previous owners. Martin v. Orvold, No. 53831-8-II, slip op. at 1 (Wash. Ct. App.

2

Mar 9, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2053831-8-II%20Unpublished%20Opinion.pdf. In <u>Martin</u>, we held that the previous owners to the Mershons had adversely possessed the gravel parking strip from the Orvolds. <u>Martin</u>, slip op. at 17.

In 2021 the Martins sold their property to the Mershons. Tensions rose between the Orvolds and Mershons around a month after the Mershons moved into the property. The Orvolds were unhappy that the Mershons and their guests parked in the disputed area even when their driveway or the gravel parking strip was not full. In early July, the Orvolds' counsel sent a letter to the Mershons telling them they did not have permission to park anywhere on the Orvold property, including within the ingress and egress easement.

In September 2021 the Orvolds sued the Mershons, alleging that despite their formal notice and demand, the Mershons had continued parking on the Orvold property "for two weeks without moving a vehicle, and including intentionally maneuvering vehicles to ensure one is parked on the Orvold property at all times." The complaint alleges that the knowing entry of the Mershon vehicles on Orvold property "amounts to trespass, and has caused damage to Plaintiffs and the Orvold Property, including but not limited to any costs of restoration and Plaintiff's lost use of the property." The Orvold complaint requested injunctive relief prohibiting the Mershons from parking "on any portion of the Orvold property" as well as treble damages against the Mershons under RCW 4.24.630, the statute governing liability for wrongful waste or injury to the land. Additionally, the Orvolds sought an anti-harassment protection order under former RCW 10.14.080 (2019).

3

The Mershons filed a counterclaim for "quiet title/declaratory relief" which asked that the court "issue declaratory relief quieting title as to the scope of the easement to allow parking on the sides of the roadway in a non-interfering fashion to vehicular traffic and ingress egress out of driveways and adjacent parking spaces." They also petitioned for an anti-harassment protection order under chapter 10.14 RCW. The Mershons later amended their answer, removing the counterclaim of quiet title.

In January 2022 the Mershons moved for partial summary judgment dismissal of the "trespass/injunction" claim. They presented evidence that the easement was created for the benefit of all owners of properties abutting the easement and that it has been a neighborhood practice for more than 10 years to allow parking along the paved shoulder of the easement in a non-interfering manner.

In response to the motion for partial summary judgment, the Orvolds argued they were not claiming that parking is never allowed and did not seek a judicial determination as to whether parking on the easement is allowed. The Orvolds conceded that a Road Maintenance Agreement (RMA) executed between previous owners of the lots at issue provides the Mershons access and use of the easement. The RMA provides: "It is agreed that each of the Owners is entitled to unrestricted us[e] of the Street, in common with the other owners for foot and vehicular ingress and egress by themselves and their invitees." The court granted the motion for summary judgment in part, dismissing the Orvolds' trespass claim with prejudice while preserving a claim for waste. A bench trial was held in late January and early February of 2023.

After the Orvolds rested, the Mershons moved under CR 41 to dismiss the unlawful harassment and waste claims. The court granted the motion as to the waste claim. That left only the issue of unlawful harassment claimed by both parties.

The court found that both the Orvolds and Mershons had committed acts of unlawful harassment against each other and entered restraining orders against both parties. The court denied both party's request for attorney's fees, finding neither had substantially prevailed. Both parties appeal the final orders. The Orvolds also appeal the summary judgment order.

DISCUSSION

Summary Judgment Dismissal of Trespass Claim

Summary judgment is properly granted where the pleadings and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Voorde Poorte v. Evans, 66 Wn. App. 358, 360-61, 832 P.2d 105 (1992) (citing Meaney v. Dodd, 111 Wn.2d 174, 177-78, 759 P.2d 455 (1988)). A 'material fact' is a fact upon which the outcome of the litigation depends. Balise v. Underwood, 62 Wn.2d 195, 199, 381 P.2d 966 (1963). The burden is on the party moving for summary judgment to demonstrate there is no genuine dispute as to any material fact, and reasonable inferences from the evidence must be resolved against the moving party. Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979) (citing Morris v. McNicol, 83 Wn.2d 491, 494-95, 519 P.2d 7 (1974)). Summary judgment is then appropriate if the plaintiff, as the nonmoving party, "fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

"Trespass" is an "'interfere[nce] with the right to exclusive possession of property.'" Grundy v. Brack Family Tr., 151 Wn. App. 557, 566, 213 P.3d 619 (2009) (alteration in original) (quoting Gaines v. Pierce County, 66 Wn. App. 715, 719, 834 P.2d 631 (1992)).[1] To establish such a claim, the plaintiff must establish "'(1) an invasion of property affecting an interest in exclusive possession, (2) an intentional act, (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest, and (4) actual and substantial damages.'" Id. at 567 (quoting Wallace v. Lewis County, 134 Wn. App. 1, 15, 137 P.3d 101 (2006)). A plaintiff "'who cannot show that actual and substantial damages have been suffered should be subject to dismissal of [their] cause upon a motion for summary judgment.'" Lavington v. Hillier, 22 Wn. App. 2d 134, 149, 510 P.3d 373 (2022) (quoting Bradley v. Am. Smelting & Refining Co., 104 Wn.2d 677, 692, 709 P.2d 782 (1985)).

The Orvolds first challenge several findings from the order of partial summary judgment.[2] However, we review summary judgments de novo, performing the same inquiry as the trial court and viewing the facts (and reasonable inferences therefrom) in the light most favorable to the nonmoving party. Ramey v. Knorr, 130 Wn. App. 672, 685, 124 P.3d 314 (2005) (citing Khung Thi Lam v. Global Med. Sys., 127 Wn. App. 657, 661, 111 P.3d 1258 (2005)). Because this court places no weight on any "findings

---

[1] A plaintiff may bring an intentional trespass claim or a negligent trespass claim (essentially a negligence claim). See Grundy, 151 Wn. App. at 566. Here, we address only intentional trespass because that is what the Orvolds pleaded.

[2] The Orvolds challenge summary judgment findings of fact 8, 9, 10, 13, 18, 19, 20, 21, and 22.

of fact" entered in that judgment, such findings are superfluous and carry no weight on appeal. E.g. Hamilton v. Huggins, 70 Wn. App. 842, 848-49, 124 P.3d 314 (2005) ("The function of a summary judgment proceeding is to *determine whether a genuine issue of material fact exists. It is not . . . to resolve issues of fact or to arrive at conclusions based thereon*."). We decline to review the Orvolds' assigned errors to the summary judgment's "findings of fact."

The Orvolds correctly argue on appeal that an easement does not shield the holder from an action for trespass where there is evidence of misuse, overburdening, or deviation from the easement. Fradkin v. Northshore Util. Dist., 96 Wn. App. 118, 123, 977 P.2d 1265 (1999). But the Orvolds did not assert this theory in their complaint. Under their claim of trespass and request for injunction, the Orvolds alleged that

- "Defendants knowingly entered the Orvold Property, without permission."

- "Defendants knew, or had reason to know, that they lacked authority to enter upon the Orvold Property."

- "The foregoing conduct of Defendants amounts to trespass, and has caused damage to Plaintiffs and the Orvold Property, including but not limited to any costs of restoration and Plaintiffs' lost use of the property."

It is undisputed that the "trespass" alleged relates to the "disputed area" which is part of the easement. After the Mershons filed their motion for partial summary judgment with evidence of the existence of the easement and establishing the Mershons' right to use the easement and park on its paved shoulder, including the disputed area, the Orvolds no longer disputed that the Mershons had the right to park in the disputed area and no longer suggested they needed the Orvolds' permission to do so.

In their response to the motion for summary judgment, the Orvolds claimed they "have made clear throughout their pleadings, they are not seeking a judicial

determination as to whether parking is allowed within the ingress and egress easement." They argued that the "issues are solely related to the Mershons' intentional misuse of the easement." However, the Orvolds made no mention of the existence of an easement in their complaint and did not seek to amend their complaint. "A party who does not plead a cause of action or theory of recovery cannot finesse the issue by later inserting the theory into trial briefs and contending it was in the case all along." Dewey v. Tacoma Sch. Dist. No., 10, 95 Wn. App. 18, 26, 974 P.2d 847 (1999) (citing Molloy v. City of Bellevue, 71 Wn. App. 382, 385-86, 859 P.2d 613 (1993)).

The appeal before us is the dismissal of the Mershons' trespass claim as asserted in their complaint. The Orvolds conceded below that there is no genuine issue of material fact as to whether the Mersons and their invitees could park in the disputed area and could do so without the Orvolds' permission. The Orvolds' trespass claim thus fails, and was properly dismissed on summary judgment, because the Orvolds failed to establish a genuine issue of material fact as to an essential element (actual and substantial harm) of their claim. See Lavington, 22 Wn. App. 2d at 149 (cited and quoted above).

The Orvolds argue that the trial court committed a logical error by summarily dismissing their claim of trespass while not dismissing a claim of waste for lack of damages that they "had not pled." But, under RCW 4.24.630 liability for trespass exists if a party "wrongfully causes waste or injury to the land," or "wrongfully injures personal property or improvements to real estate on the land." Porter v. Kirkendoll, 194 Wn.2d 194, 212, 449 P.3d 627 (2019). The Orvold complaint expressly requested "judgment

against Defendants for triple damages pursuant to RCW 4.24.630, and otherwise permitted by statute, rule or equity."

In dismissing the trespass claim, the trial court observed that the Orvolds' waste claim under RCW 4.24.630 remained preserved for trial. The Orvolds do not cite to any authority to support their argument that dismissal of one claim is error when a court should have dismissed even more claims. It is obvious from the record that the Orvolds brought the trespass claim as a way to prevent a potential future adverse possession claim. When pressed to identify their damages, the Orvolds argued that the threat of "future adverse possession claims" is a cognizable harm they experience from the Mershons parking on the Orvolds' property, which right could be defended by "an injunction [which] is a proper remedy to prevent further trespass." However, the issue of adverse possession was not before the trial court and is not before this court. We decline the Orvolds' invitation to address any findings the trial court may have made as to the issue of adverse possession, and conclude that the trial court did not err in dismissing the Orvolds' claim as to intentional trespass.

Anti-Harassment Orders

The parties each contend that they did not engage in unlawful harassment and challenge the court finding otherwise. However, the court's findings of fact are insufficient to permit review.

The Orvolds, in addition to claiming that the Mershons parked in the disputed area when their driveway was available for parking, alleged that the Mershons "have acted aggressively and maliciously toward Plaintiffs, including confronting Plaintiffs on their own property, calling them names, yelling and swearing at Plaintiffs, and keeping

9

Plaintiffs and their home under surveillance." The Mershons claim that since they moved in, the Orvolds have harassed them by "parking in gravel parking space, confronting guests, with threats, loud music, strategic parking of garbage/recycling cans to interfere with ingress/egress, driving aggressively at invitees of the Mershons, parking their car [in the disputed area] despite having more than enough parking on their own side [of the road]."

They both requested an anti-harassment protection order under former chapter 10.14 RCW.

Under CR 52(a)(1), "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law." Following a bench trial, we review a trial court's findings of fact to determine whether they are supported by substantial evidence, and then review whether those findings of fact support the trial court's conclusions of law. Tiller v. Lackey, 6 Wn. App. 2d 470, 484, 431 P.3d 524 (2018). Findings of fact "should at least be sufficient to indicate the factual bases for the ultimate conclusions." In re Det. of LaBelle, 107 Wn.2d 196, 218, 728 P.2d 138 (1986). A conclusion of law is "a result which follows from examination and consideration of circumstances in a particular case and interpretation and application of legal principles to those facts." City of Tacoma v. O'Brien, 85 Wn.2d 266, 272, 534 P.2d 114 (1975). Where a trial court fails to enter the required factual findings, an appellate court "cannot review an assignment of error which requires consideration of whether there was sufficient evidence to support such findings." State v. Denison, 78 Wn. App. 566, 570, 897 P.2d 437 (1995). However, findings of fact that do little more than "parrot" statutory requirements may not be invalid if they are specific enough to

permit a meaningful appellate review.  Matter of W.W.S., 14 Wn. App. 2d 342, 363, 469 P.3d 1190 (2020) (citing In re Dependency of K.R., 128 Wn.2d 129, 143, 904 P.2d 1132 (1995)).

The relevant portions of former RCW 10.14.020(2) (2011) provide:

> (1) "Course of Conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.  "Course of conduct" includes, in addition to any other form of communication, contact, or conduct, the sending of an electronic communication, but does not include constitutionally protected free speech.  Constitutionally protected activity is not included within the meaning of "course of conduct."
> (2) "Unlawful harassment" means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose.  The course of conduct shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner.

The alleged harassing course of conduct is therefore "tested both subjectively and objectively in that it must be 'such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner.'"  Burchell v. Thibault, 74 Wn. App. 517, 521, 874 P.2d 196 (1994) (quoting former RCW 10.14.020(1) (1987) and referencing City of Everett v. Moore, 37 Wn. App. 862, 866-67, 683 P.2d 617 (1984), which found an unlawful harassment ordinance lacking an objective standard to be unconstitutionally vague and overbroad).

Both parties argue that they cannot be restrained by civil anti-harassment orders because their conduct did not cause substantial emotional distress to the other party.

While the trial court did enter written findings of fact at the conclusion of trial, none of the court's findings established either that a reasonable person would have suffered substantial emotional distress from a party's actions, or that any member of the

two families did, in fact, suffer such distress from the conduct of the other party. The trial court instead listed conduct by the respective parties that it found "was <u>not</u> done to harass" or "was done to harass" the other family. The trial court then found that the "course of conduct as listed above constitutes unlawful harassment, pursuant to RCW 7.105.010."[3] Based on these conclusions that unlawful harassment had occurred, the trial court restrained both parties. Nowhere does the trial court make any finding of substantial emotional distress, objectively or subjectively. <u>LaBelle</u>, 107 Wn.2d at 218-19; Former RCW 10.14.020(2). Although we may supplement otherwise-inadequate written findings by reference to the trial court's oral decisions or statements in the record, the record before us does not contain an oral record of the trial court's findings and conclusions.[4] <u>See</u> <u>State v. Holland</u>, 98 Wn.2d 507, 518, 656 P.2d 1056 (1983).

We need not address any remaining arguments as to the harassment claims from the parties because the lack of necessary findings as to substantial emotional distress requires us to vacate the anti-harassment orders and remand for further proceedings.

Injunction

The Orvolds requested a permanent injunction under RCW 7.40.020 to prevent

---

[3] Both parties properly cited the applicable anti-harassment statute in their complaints, former RCW 10.14.080. However, both parties later cited to the current civil protection order statutes, chapter 7.105 RCW, in their motions for attorney fees. Afterwards, the trial court then followed suit and also cited the new statute in its findings of fact and conclusions of law. But the effective date of chapter 7.105 RCW is July 1, 2022. The applicable statutes in the instant case are in former chapter 10.14 RCW (2019). The relevant definitions of "unlawful harassment" and "course of conduct" did not substantially change. <u>See</u> RCW 7.105.010(6)(a) and (37)(a).

[4] After closing arguments, the trial court instructed the parties to return for the reading of the court's draft findings later that afternoon, or possibly the next day if the court had an unexpected scheduling conflict. However, no additional report of proceedings exists as to findings and neither party cites to any finding of substantial emotional distress.

the Mershons from damaging or parking "anywhere on the Orvold property," which presumably includes the disputed area. They requested the injunction as a remedy to both their trespass claim and their harassment claim. They contend the court erred in not granting their request.

The record is not altogether clear whether the trial court intended to grant an injunction or conflated the injunction statute with its ability to restrain under the anti-harassment statute. The court found

> As to the Orvolds' request for an injunction, under RCW 7.40.020:
> a. The Orvolds have a clear legal and equitable right to use their property as they see fit, without harassment from others;
> b. The Orvolds have a well-grounded fear of immediate invasion of that right, given the Mershons have purposefully harassed the Orvolds;
> c. If the Mershons are not restrained, the Orvolds will suffer actual and sustained injury.

But the court did not list the Mershons' parking in the disputed area as harassing conduct under finding of fact 36 where the court found

> The following conduct of the Mershons was done to harass the Orvolds, to wit:
> a. Placement of the disabled camera to point at the Orvolds' property;
> b. Filming and cell phone recording of the Orvolds; and,
> c. Name calling, under the totality of the circumstances.

But the court in finding of fact 28 said the "Mershons' continuous, including overnight parking from August 30, 2021 through September 2, 2021 blocking access to the Disputed Area was harassment." Despite the fact the Mershons never requested an injunction, the court also found that

> As to the Mershons' request for an injunction, under RCW 7.40.020:
> a. The Mershons have a clear legal and equitable right to use their property as they see fit, without harassment from others;
> b. The Mershons have a well-grounded fear of immediate invasion of that right, given the Orvolds have purposefully harassed the Mershons; and,

13

      c. If the Orvolds are not restrained, the Mershons will suffer actual and sustained injury.

Moreover, the trial court made no mention of granting or denying an injunction in its ruling.

We review a trial court's decision to grant or deny an injunction and its decision regarding the terms of the injunction for abuse of discretion. Kucera v. Dep't of Transp., 140 Wn.2d 200, 209, 995 P.2d 63 (2000). An injunction is distinctly an equitable remedy and is "frequently termed 'the strong arm of equity,' or a 'transcendent or extraordinary remedy,' and is a remedy which should not be lightly indulged in, but should be used sparingly and only in a clear and plain case." Id. (quoting 42 AM. JUR. 2D Injunctions § 2, at 728 (1969) (footnotes omitted)). "Accordingly, injunctive relief will not be granted where there is a plain, complete, speedy and adequate remedy at law." Id. (citing State v. Ralph Williams' N.W. Chrysler Plymouth, Inc., 87 Wn.2d 298, 312, 553 P.2d 423 (1976)). Specifically, parties who seek relief by temporary or permanent injunction must show (1) that they have a clear legal or equitable right, (2) that they have a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to them. Id. "An injunction is an extraordinary equitable remedy designed to prevent *serious harm*. Its purpose is not to protect a plaintiff from mere inconveniences or speculative and insubstantial injury." Kucera, 140 Wn.2d at 221 (emphasis added) (quoting Tyler Pipe Indus., Inc. v. Dep't of Revenue, 96 Wn.2d 785, 796, 638 P.2d 1213 (1982)).

We do not review this issue because the record does not establish if the

14

trial court granted or denied the request for an injunction. Even if the trial court determined that an injunction is not warranted given the relief granted under the anti-harassment statute, those orders are vacated and require remand.

Attorney Fees and Costs

Both parties challenge the denial of their request for attorney fees.

Whether a party is entitled to an award of attorney fees is a question of law that we review de novo. Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). In Washington, attorney fees are recoverable when permitted by contract, statute, or on a recognized ground of equity. Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 143, 930 P.2d 288 (1997).

The Orvolds requested attorney fees and costs under the anti-harassment statute, though they cited to RCW 7.105.310 instead of the applicable former RCW 10.14.090(2) (1992). The Mershons requested attorney fees and costs under RCW 10.14.090 and also under RCW 4.24.630, the basis of the waste claim. The Orvolds do not appeal the dismissal of the waste claim.

Under former RCW 10.14.090(2) the court may require the respondent in an anti-harassment action to reimburse the petitioner for their incurred costs, including reasonable attorney fees.[5] Because we vacate the anti-harassment orders and remand, we need not address the denial of attorney fees on this basis.

The Mershons contend that the mutuality of remedy doctrine required the trial court to award them attorney fees for successfully defending the waste claim under RCW 4.24.630(1). We disagree.

---

[5] RCW 7.105.310(j) also provides for the award of reasonable attorney fees at the "broad discretion" of the trial court. RCW 7.105.310(1).

The mutuality of remedy doctrine provides that if "one party would be entitled to receive attorney fees if it prevails, the opposing party is likewise entitled to fees if it prevails." Rowe v. Klein, 2 Wn. App. 2d 326, 342 n.2, 409 P.3d 1152 (2018); Fairway Est. Ass'n of Apt. Owners v. Unknown Heirs, Devisees of Young, 172 Wn. App. 168, 182, 289 P.3d 675 (2012). This court long ago recognized that the "[m]utuality of remedy is an equitable principle, recognized in the case law of Washington, that can support the award of attorney fees to the prevailing party in an action brought on a contract." Kaintz v. PLG, Inc., 147 Wn. App. 782, 784, 197 P.3d 710 (2008). The Orvolds' waste claim is not an action brought on contract. Thus, the mutuality of remedy doctrine does not permit them to recover attorney fees here.

The Mershons maintain that though there are no Washington cases that have directly applied the mutuality of remedy doctrine to the waste statute, the underlying principles behind the doctrine have been applied in non-contract circumstances. For support, they cite to Mt. Hood Beverage Co. v. Constellation Brands, Inc., 149 Wn. 2d 98, 63 P.3d 779 (2003). That case involved the regulation of wine distributors and suppliers under chapter 19.126 RCW. The distributors sued the suppliers for, among other claims, violating RCW 19.126. Id. at 106. The suppliers successfully argued that RCW 19.126 violated the commerce clause and were awarded attorney fees under RCW 19.126. Id. at 108, 111. The Distributors challenged the award of attorney fees arguing that the suppliers could not rely on the statutory provision that had been struck down in its entirety. Id. at 120. The Washington Supreme Court disagreed. It held that

> [a]lthough this case is an action on an invalid statute rather than a contract, the same principles apply. Had the Distributors prevailed, they would have been entitled to attorney fees and costs under RCW 19.126. Because the attorney fees provision was written reciprocally to apply to

16

whichever party won, we hold that defending against an action based on a statute by successfully arguing the statute is unconstitutional allows an award of attorney fees under that statute.

Id. at 121-22. Unlike the attorney fee provision in RCW 19.126, the attorney fee provision in the waste statute, RCW 4.24.630(1), is not written reciprocally. To the contrary, the statute authorizes attorney fees that are payable by any "person who goes onto the land of another and . . . wrongfully injures personal property or improvements to real estate on the land." RCW 4.24.630(1). The statute, by its plain language, does not permit an award against the Orvalds here.

The Mershons also cite to Bloch v. Bloch, 79512-1-I, slip op. (Wash. Ct. App. May 4, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/795121.pdf, an unpublished case. Because Bloch is unpublished, it is nonbinding authority. GR 14.1(a). Additionally, the opinion is distinguishable. This court reversed the trial court's denial of attorney fees to the respondent after she successfully defended against the plaintiff's statutory waste claim under RCW 64.12.030. Id. at 6. This court based its holding on the plain language of the statute which states, "The judgment, in any event, shall include as part of the costs of the prevailing party, a reasonable attorney's fee to be fixed by the court." Id. at 6 (quoting RCW 64.12.020). The respondent also argued for attorney fees under RCW 4.24.630 for also successfully defending the waste claim under that statute. Id. at 6 n.5. We noted that the respondent "argued that she should be entitled to attorney fees under either RCW 4.23.630 and RCW 64.12.030 because she prevailed in defending against both of [plaintiff's] statutory waste claims. In her reply, however, she concedes that RCW 4.24.630 is a 'one-way' statute that only

awards fees to a successful plaintiff." Id. Here, in contrast, the Mershons are not a successful plaintiff. Their reliance on Bloch is therefore misplaced.

We affirm the trial court's denial of Mershon's request for attorney fees under RCW 4.24.630(1).

Fees on Appeal

The Orvolds and the Mershons both request attorney fees on appeal under RCW 7.105.310(1)(j).

RAP 18.1(a) provides for the recovery of reasonable attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" and the party properly requests it. Where a statute allows an award of attorney fees at trial, an appellate court has the authority to award fees on appeal. Bloor v. Fritz, 143 Wn. App. 718, 753, 180 P.3d 805 (2008) (citing Standing Rock Homeowners Ass'n v. Misich, 106 Wn. App. 231, 247, 23 P.3d 520 (2001)). Even if the parties had requested attorney fees under the applicable statute, RCW 10.14.090(2), such an award is discretionary. We decline to award fees because neither party has prevailed on appeal as to the issue of unlawful harassment.

CONCLUSION

The summary judgment dismissal of the Orvolds' trespass claim was proper. We vacate the anti-harassment orders against both parties for lack of necessary findings of fact. Because the determination as to whether harassing conduct rises to the level of "unlawful harassment" turns on whether the conduct causes a reasonable person to suffer substantial emotional distress and also actually causes substantial emotional distress, the trial court on remand is to reconsider its findings and conclusions as to the

18

harassment claims based on the existing record.  The trial court did not abuse its discretion in denying the Mershons' request for attorney fees and costs under RCW 4.24.630.  We affirm in part, reverse in part, and remand for further proceedings.

_Coburn, J._

WE CONCUR:

_Feldman, J._        _Díaz, J._